*477 OPINION.
MaRQtjette
: The evidence in this appeal discloses that the accounting records maintained by the taxpayer are so inadequate and incomplete that they do not reflect either its net income or invested capital *478 for the years involved. The Commissioner has determined the taxpayer’s net income to be that percentage of its gross sales that the net income of corporations engaged in a like or similar business is to their gross sales, and the taxpayer .has accepted that determination. However, it does not accept the Commissioner’s determination of its invested capital, but contends that the determination is incorrect.
It is clear to us that the Commissioner, in computing the taxpayer’s invested capital, did not include therein the cost of certain steamboats, barges, real estate and other property which the taxpayer actually owned during the years 1918, 1919 and 1920, but which did not appear on its books of account, and that, if the cost of this property could be ascertained and included in invested capital, the effect would be materially to reduce the tax liability for those years. The taxpayer made an earnest effort to establish the cost of this property by means of an appraisal made in the year 1925. The- figures used therein were described as “ reproductive cost ”, but they in fact represented opinions as to the value of the assets. Value is not the criterion, of invested capital. LaBelle Iron Works v. United States, 256 U. S. 377. Obviously, neither the invested capital determined by the Commissioner nor the invested capital claimed by the taxpayer is correct, and it is impossible at this time to produce any reliable or satisfactory evidence from which the true invested capital can be established.
Upon the entire record before us, we are convinced that we are confronted with exactly the kind of situation that Congress must have contemplated in enacting section 327 (a) of the Revenue Act of 1918, and that the tax liability of this taxpayer for the years 1918, 1919 and 1920 should be recomputed under section 328 of the Revenue Act of 1918, in comparison with such corporations as the Commissioner may find proper. See Appeal of H. T. Cushman Mfg. Co., 2 B. T. A. 39.
Order of redetermination will he entered on 10 days’ notice, under Bule 50.